UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROL TUCKER,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING (HUD), Region X, Seattle Regional Office,<br><br>      Defendant. | Case No. C11-1772-RSL<br><br>REPORT AND RECOMMENDATION |

I.     INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil action. This matter comes before the Court upon plaintiff's failure to re-file her complaint with the Court by January 20, 2012, redacting all personal data identifiers within the complaint and related attachments in accordance with Local Rule CR 5.2(a), as she was previously ordered to do on November 2, 2011, November 21, 2011, and December 23, 2011. Dkt. 6; Dkt. 9; Dkt. 10. Based upon plaintiff's failure to comply with these orders, the undersigned recommends that this action be DISMISSED without prejudice for failure to prosecute.

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

On October 25, 2011, the Court initially denied plaintiff's IFP application as deficient because plaintiff failed to sign the affidavit or consent for payment of costs form, but instead digitally signed these documents by typing her name on the signature lines. Dkt. 2. The U.S. District Court's Electronic Filing Procedures for Civil and Criminal Cases do not permit a *pro se* party who has not entered into an electronic filing agreement with the Court to use an electronic signature to sign an electronic document. On October 26, 2011, however, plaintiff completed the Court's "Electronic Filing Agreement for *Pro Se* Filers," which authorized her to use an electronic signature in this case. Dkt. 4. Thus, plaintiff corrected the deficiency in her IFP application, and the Court granted plaintiff's motion to proceed IFP on November 2, 2011. Dkt. 6.

The Court's October 25, 2011 Order also noted that "the attachments to plaintiff's proposed complaint contain personal data identifiers that should have been redacted pursuant to Western District of Washington Local Rule CR 5.2." Dkt. 2. As a result, the Clerk filed plaintiff's proposed complaint and all related attachments under seal, and the Court directed plaintiff to re-file her complaint with the Court within thirty (30) days, redacting all personal data identifiers within the complaint and related attachments in accordance with Local Rule CR 5.2(a). *Id.* at 2.

On October 27, 2011, plaintiff filed a "Motion Requesting Court Accept Plaintiff's Initially-Filed Civil Rights Complaint," which asserted that she should not have to resubmit her civil rights complaint because "it is the attachments to [plaintiff's] Civil Rights Complaint, and not the Complaint itself, that contain personal data identifiers as referred in Local Rule 5.2(a)." Dkt. 5. Plaintiff also asserted that the attachments to her complaint "are not pertinent to the Civil Rights complaint itself," but were relevant to her IFP application. *Id.* This motion was denied on November 2, 2011, and plaintiff was directed to re-file her complaint with the Court

within thirty (30) days, redacting all personal data identifiers within the complaint and related attachments in accordance with Local Rule CR 5.2(a). Dkt. 6.

On November 8, 2011, plaintiff filed a motion for court-appointed counsel, which was referred to the Nonprisoner Civil Rights Case Screening Committee (the "Screening Committee") in accordance with § 3(c) of the "Plan of the United States District Court for the Western District of Washington for the Representation of Pro Se Litigants in Civil Rights Cases" (the "Pro Bono Plan") for a recommendation regarding whether pro bono counsel should be appointed to represent the plaintiff in this case. Dkt. 9. By letter dated December 16, 2011, the Screening Committee recommended that plaintiff's request be denied. The Court adopted the Screening Committee's recommendation on December 23, 2011, and again directed plaintiff to file a properly redacted complaint by no later than January 20, 2012. Dkt. 10. Plaintiff was also advised that her failure to comply with this Order would result in the dismissal of her case. *Id*. at 2.

### III. DISCUSSION

To date, plaintiff has failed to file a complaint in a format that complies with the local rules. As discussed above, she has been directed to do so on at least three separate occasions. *See* Dkt. 6; Dkt. 9; Dkt. 10. Accordingly, the Court recommends that this case be DISMISSED without prejudice for failure to prosecute.

A proposed order accompanies this Report and Recommendation.

DATED this 26th day of January, 2012.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge